IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.I.SV.EL. SOCIETA ITALIANA PER LO SVILUPPO DELL'ELETTRONICA S.P.A, <br><br> Plaintiff, <br><br> v. <br><br> RHAPSODY INTERNATIONAL INC., <br><br> Defendant. | C.A. No. 1:18-cv-00069-MN-CJB <br><br><br> **JURY TRIAL DEMANDED** |
| S.I.SV.EL. SOCIETA ITALIANA PER LO SVILUPPO DELL'ELETTRONICA S.P.A, <br><br> Plaintiff, <br><br> v. <br><br> SPOTIFY USA INC. <br><br> Defendant. | C.A. No. 1:18-cv-00070-VAC-CJB <br><br><br> **JURY TRIAL DEMANDED** |

**SISVEL'S LETTER BRIEF REGARDING
<u>PROTECTIVE ORDER DISPUTE</u>**

Dated:  October 16, 2019            **DEVLIN LAW FIRM LLC**

                                                      Timothy Devlin (No. 4241)
                                                      James M. Lennon (No. 4570)
                                                      1526 Gilpin Avenue
                                                      Wilmington, DE 19806
                                                      Telephone: (302) 449-9010
                                                      tdevlin@devlinlawfirm.com
                                                      jlennon@devlinlawfirm.com

                                                      *Attorneys for Plaintiff, S.I.SV.EL. Societa Italiana
                                                      Per Lo Sviluppo Dell'elettronica S.p.A.*

Dear Judge Burke:

We write on behalf of Plaintiff S.I.SV.EL. Societa Italiana Per Lo Sviluppo Dell'elettronica S.p.A. ("SISVEL") regarding the parties' joint motion for entry of a protective order in this matter.

The parties have reached agreement on a majority of the provisions in the proposed protective order. SISVEL has further agreed that it will not seek to export source code material outside of the United States. However, they remain at an impasse due to the refusal of Spotify and Rhapsody to allow SISVEL the right to designate a single employee to be authorized to access HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material. For this purpose, SISVEL intends to designate Mr. Giovanni Ballocca, an engineer with no role in competitive decision making, as its sole employee with the right to access this material. Moreover, SISVEL should have the right to securely utilize and maintain HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material, other than SOURCE CODE, even outside of the United States.

While SISVEL is willing to accommodate reasonable measures to preserve confidentiality, it is entitled to engage and designate an individual of its choosing, even one designated employee, to have access to this material at any secure location in order to analyze and consult as a non-testifying expert. As long as the individual is not engaged in competitive decision making, it should not matter whether this individual is engaged by SISVEL as an "outside consultant" or an "employee."

The Federal Circuit has held that access to confidential information may be limited when "an unacceptable opportunity for inadvertent disclosure" exists. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *T-JAT Systems 2006 Ltd. v. Expedia, Inc. (DE) and Orbitz Worldwide, Inc.*, C.A. No. 16-cv-581-RGA at *1 (D. Del. Oct. 19, 2018).[1] The presence of such an opportunity turns on a "fact-sensitive inquiry" into whether the relevant employee or insider "participates in competitive decisionmaking." *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, C.A. No. 16-403-LPS-CJB, 2017 U.S. Dist. LEXIS 150862 at *7 (D. Del. Sep. 18, 2017). If a court concludes that the employee is a competitive decisionmaker, it will then balance the risk of inadvertent disclosure against the harm caused to the opposing party if the restrictions were to be put in place. *Id.* at *23-24. The *U.S. Steel* Court defined competitive decisionmaking as "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." 730 F.2d at 1468 n. 3.

SISVEL respectfully submits that the concerns that motivated the *U.S. Steel* decision are not present in this case. First and foremost, SISVEL is not a competitor of Spotify or Rhapsody in any of their commercial activities. Nor is this a situation in which companies that offer differing products or services "employ overlapping technology in those products/services." *T-JAT Systems*, C.A. No. 16-cv-581-RGA at *4. While the companies may be said to "share an interest

---

[1] Pursuant to D. Del. LR 7.1.3(a)(7) a copy of this opinion has been attached hereto.

1

in the same technological field" in the broadest sense, they are not competitors. *Id.* at *4. SISVEL is in the business of licensing intellectual property, while Rhapsody and Spotify provide online music streaming services to consumers. Unlike the litigants in *T-JAT Systems*, they do not offer similar types of products or occupy adjacent positions in the marketplace. Therefore, no employee of SISVEL can be considered a competitive decisionmaker with respect to Spotify or Rhapsody. Moreover, to the extent that the court finds otherwise, Mr. Ballocca cannot be considered a competitive decisionmaker within SISVEL. Unlike the employee in *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20 (D. Del. 1988), he is not the President of SISVEL. *See also Dow Chem. Can., Inc. v. HRD Corp.*, C.A. No. 05-23-JJF, 2007 U.S. Dist. LEXIS 103972 at *11 (D. Del. May 25, 2007) (finding that *Safe Flight* does not provide a blanket rule against "insider" experts).

The balance of harms weighs in favor of allowing SISVEL to designate an employee, such as Mr. Ballocca, to function as an outside consultant/non-testifying expert and, thus, have access to materials marked Highly Confidential. The potential harm to Spotify and Rhapsody is minimal. The parties have already agreed that any party receiving material marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE will be permitted to use said material only for purposes of this action and prohibited from disclosing said material except in accordance with the terms of the protective order. Indeed, this Court has recognized elsewhere that use of an internal expert may be a greater guarantee of confidentiality, as "the parties' incentive to supervise, and their ability to control compliance with, the protective order by its inside experts and consultants would be greater than that which might be exercised over outside experts and consultants." *E.I duPont de Nemours & Co. v. Phillips Petroleum Co.*, No. 81-508, 1982 U.S. Dist. LEXIS 10258 at *4-5 (D. Del. May 17, 1982). By contrast, an order limiting disclosure to counsel and outside consultants would unduly impair SISVEL's ability to utilize its internally retained expertise and will impact Sisvel's ability to fully investigate the accused products and substantiate its allegations in preparation for trial. SISVEL should be entitled to rely on a non-competitive consultant of its choosing.

While SISVEL would prefer Mr. Ballocca to review Spotify and Rhapsody source code and core technical documents in Italy, in the interest of bringing this dispute to a speedy resolution, SISVEL has consented to the condition that Mr. Ballocca inspect the source code at an agreed-upon location within the United States. Accordingly, SISVEL requests that the court issue a protective order containing the following language: "Only the persons identified in Paragraph 16(b)-(h) and one (1) in-house designee for Defendant and Plaintiff (who has signed the "In-House Designee Agreement to Be Bound by Protective Order" attached as Exhibit C) are permitted to have access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE Material." The aforementioned Exhibit C ("IN-HOUSE DESIGNEE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER") is attached hereto as an exhibit.

3

Dated:  October 16, 2019

Respectfully submitted,

<u>/s/ James M. Lennon (No. 4570)</u>

DEVLIN LAW FIRM LLC
Timothy Devlin (No. 4241)
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
jlennon@devlinlawfirm.com

*Attorneys for Plaintiff, S.I.SV.EL. Societa Italiana Per Lo Sviluppo Dell'elettronica S.p.A.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                         */s/ James M. Lennon*
                                         James M. Lennon