

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

October 16, 2019

**VIA ELECTRONIC FILING**

The Honorable Christopher J. Burke
The U.S. District Court of Delaware

> Re: *S.I.SV.EL. Societa Italiana Per Lo Sviluppo Dell'elettronica S.p.A. v. Rhapsody International Inc.* **(C.A. No. 18-69-MN-CJB)**; *S.I.SV.EL. Societa Italiana Per Lo Sviluppo Dell'elettronica S.p.A. v. Spotify USA Inc.* **(C.A. No. 18-70-MN-CJB)**

Dear Judge Burke:

Plaintiff SISVEL seeks to disclose Defendants Rhapsody's and Spotify's "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential – Attorneys' Eyes Only – Source Code" (collectively, "AEO Material") to SISVEL's in-house technical employee, Mr. Giovanni Ballocca. But such access by Mr. Ballocca, a competitive decisionmaker at SISVEL, would create a substantial risk of inadvertent disclosure or misuse and would necessitate transporting Defendants' protected materials to Italy, well outside the enforcement power of this Court. The Court should enter a protective order with the provisions set forth in Exhibit A.

**I.     Access By SISVEL's Technical Employee Would Create Avoidable Risk.**

SISVEL is a non-practicing entity that generates revenue by acquiring and then licensing patents through litigation; SISVEL also purports to develop technology and to help others develop technology.[1] Allowing SISVEL's technical employee to access AEO Material creates the risk that the disclosed information would be inadvertently used by SISVEL in its licensing activities and its technology development activities, thereby putting Defendants at risk of additional lawsuits involving patents that SISVEL either acquired or prosecuted to cover Defendants' products. *See Blackbird Tech LLC v. Service Lighting and Elec. Supplies Inc.*, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) ("To give [Plaintiff's] competitive decision makers access to Defendants' confidential technical and financial information would raise the specter of prosecuting or acquiring patents that read on Defendants' products."). There is also the risk that SISVEL "would gain a competitive advantage if it inadvertently used knowledge from Defendants' AEO materials in its own research and development." *T-Jat Sys. 2006 LTD. v. Expedia, Inc. (DE)*, C.A. No. 16-581-RGA, slip op. at *4 (D. Del. Oct. 19, 2018) (attached as Exhibit B).

Access to AEO Material presents an unacceptable risk of inadvertent disclosure and competitive misuse when the affected employee participates in "competitive decisionmaking," including through involvement in patent enforcement and prosecution. *PhishMe, Inc. v. Wombat Security*

---

[1] *How We Work*, SISVEL, https://www.sisvel.com/about-us/how-we-work; Into Tomorrow, *IFA 2010: SISVEL*, YouTube (Sept. 22, 2010), https://www.youtube.com/watch?v=4gn_0MJDUNj8 (SISVEL claims two major programs: (1) licensing active patents and (2) developing new technology); *R&D and Technical Expertise*, SISVEL, https://www.sisvel.com/about-us/r-d-and-technical-expertise ("[SISVEL] collaborates with entities. . . to produce innovative . . . commercially valuable technologies.").

The Honorable Christopher J. Burke                                              October 16, 2019
                                                                                 Page 2

*Techs., Inc.*, 2017 WL 4138961, at *3-9 (D. Del. Sep. 8, 2017) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467–68 (Fed. Cir. 1984); *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d. 1373, 1378 (Fed. Cir. 2010). Here, Mr. Ballocca heavily participates in the acquisition of SISVEL's patents, advises executives, and acts as a spokesperson for SISVEL's patent enforcement initiatives.² Courts in this District routinely hold that "this type of significant, active role in the direction of patent litigation and licensing . . . weighs in favor of a conclusion that [an employee] participates in competitive decisionmaking." *See id.* at *6. Mr. Ballocca, a research and development engineer and project manager, is also involved in the development of intellectual property at SISVEL and is a named inventor on patents in SISVEL's portfolio.³ This type of involvement—"in which an [employee] might inadvertently utilize a competitor's confidential information in determining how to craft new patent claims that could read on the competitor's products—carries with it a particularly significant risk of competitive misuse." *PhishMe*, 2017 WL 4138961, at *7. Mr. Ballocca's role as a technical advisor and inventor means he "has both the expertise and management control to inadvertently use the information from Defendant's AEO materials to [SISVEL's] competitive advantage." *T-Jat*, C.A. No. 16-581-RGA at *4-5 (denying access to employee who was named inventor and oversaw "technical operations"). As in *T-Jat*, granting Mr. Ballocca access to AEO Material would create an unacceptable risk of inadvertent disclosure because Mr. Ballocca aids in competitive decisionmaking at SISVEL. *Id.* at *4-5.

The risk of competitive harm to Defendants is avoidable, as SISVEL's outside counsel can adequately represent its interests without the need for in-house access. "[W]here parties are represented from the outset by capable outside counsel, 'courts have little trouble balancing the harms in protective order disputes, often readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house [employee] is precluded from viewing confidential information.'" *Id.* at *9 (quoting *Blackbird Tech LLC*, 2016 WL 2904592, at *5); *see also Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) (noting Delaware courts follow practice of "mandat[ing] technical information be disclosed only to the receiving party's trial attorneys, and . . . to independent experts"). SISVEL is represented by sophisticated outside counsel with extensive experience in complex technology. It is not "an unacceptable hardship for [SISVEL] to rely on litigation counsel and outside experts" to review the protected materials. *T-Jat,* C.A. No. 16-581-RGA at *5.

## II.     Export Outside the United States Would Limit Enforcement.

SISVEL seeks to export Defendants' non-source code AEO Materials outside of the United States for Mr. Ballocca's review. Defendants' primary protection against disclosure or misuse is this Court's sanction power. Should such misuse occur abroad, this Court would have no meaningful enforcement power, and Defendants would be left little recourse. *See Graphics Properties Holdings, Inc. v. Asus Computer International, Inc., et al*, C.A. No. 12-210-LPS, D.I. 238, at 19-20 (D. Del. July 1, 2014) (prohibiting export of protected information for lack of meaningful sanction authority abroad). Given the limitations on this Court's power to sanction protective order violations abroad, the Court should preclude SISVEL from exporting AEO Material.

---

² *See* z_thunder, Comment to *Sisvel patent pools formed for VP9 and AV1*, Doom9.org (Apr. 5, 2019, 7:52 AM), https://forum.doom9.org/showthread.php?s=46ecc31c4dca734857f5d729b57f256b&p=1870900#post1870900; Into Tomorrow, *IFA 2010: SISVEL*, YouTube (Sept. 22, 2010), https://www.youtube.com/watch?v=4gn0MJDUNj8; *Sisvel Technology At The 2012 NAB Show: Giovanni Ballocca*, YouTube (March 23, 2012), https://www.youtube.com/watch?v=a8fC6SizyQ0.

³ http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=0&p=1&f=S&l=50&Query=in%2F%28giovanni+and+ballocca%29&d=PTXT

The Honorable Christopher J. Burke October 16, 2019
 Page 3

 Respectfully,

 */s/ Bindu A. Palapura*

 Bindu A. Palapura

BAP:nmt/6446408
cc: Clerk of the Court (via hand delivery)
 Counsel of Record (via electronic mail)